(No. 4132—

CHARLES L. LEONARD, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 17, 1949.*

NEIL H. THOMPSON, Attorney for Claimant.

HON. IVAN A. ELLIOTT, Attorney General, and C. A. NEBEL, Assistant Attorney General, for Respondent.

SCHUMAN, C. J.

Claimant, Charles L. Leonard, was employed by the State of Illinois, Department of Conservation, at the Game Farm at Mt. Vernon, Illinois on April 23, 1948. On June 24, 1948, claimant received an injury to his left hand while performing the duties assigned to him at the State Game Farm.

The claimant and another employee were engaged in clipping wings of pheasants. The pheasants were chased from their pens into a small catching box from which they were removed in order to clip their wings. As the claimant reached to catch a bird his fellow employee also grabbed for the same bird and stuck claimant in the left hand with a pair of scissors, which he was holding.

Subsequent to his injury, claimant's left hand became infected and he was treated by Dr. Jean Modert of the Modert Clinic at Mt. Vernon, Illinois. Due to the infection of his left hand, the claimant sustained a partial loss to his first, second, third and fourth fingers of the left hand. That as a result of the disability he was temporarily totally disabled from work until August 23, 1948.

No jurisdictional question is raised. Respondent and claimant were operating under the Workmen's Compensation Act, and the accident in question arose out of and in the course of employment.

The only question to be determined is the extent of the permanent partial loss of the use of the fingers in question together with the medical and hospital services furnished.

The evidence shows that the claimant sustained medical expenses in the amount of $100.00 which is due Dr. A. W. Modert as a result of said injuries, and also a hospital bill in the sum of $257.85 due to the Jefferson Memorial Hospital in Mt. Vernon, Illinois as a result of said injury, and the evidence shows that said bills are reasonable and unpaid.

There is nothing in the record to indicate the salary or the earnings of the claimant for the year preceding his injury, but there is no question that he would be entitled to the rate of $19.50 per week.

The evidence, and particularly respondent's medical witness, clearly establishes that the claimant has sustained a permanent partial specific loss of the first, second and third fingers to the extent of 85% and a permanent, partial specific loss of use of the fourth finger of the left hand to the extent of 50%.

On the basis of this record, we make the following award:

For the permanent, partial specific loss of the use of the first finger of the left hand, claimant is entitled to an award of $663.00 computed at the rate of $19.50 for 34 weeks, or 85% loss of use of the first finger.

For the permanent, partial specific loss of the use of the second finger of the left hand, claimant is entitled to an award of $580.13, being the weekly rate for a period of 29.75 weeks, or 85% of loss of use of the second finger.

For the permanent, partial specific loss of the use of the third finger of the left hand, claimant is entitled to an award of $414.38 for a period of 21.25 weeks at $19.50, or 85% loss of use of the third finger of the left hand.

For the permanent, partial specific loss of the use of the fourth finger of the left hand, claimant is entitled to an award of $195.00 being the weekly rate for a period of 10 weeks at $19.50, or 50% loss of use of said fourth finger, making a total award of $1,852.51. The evidence shows that during the period of temporary total disability the claimant was paid the sum of $350.00 or his full salary. From the total award should be deducted the sum of $185.64, representing an overpayment of money paid by respondent to claimant for temporary total compensation, leaving a balance of $1,666.87 for which an award is hereby entered in favor of claimant. Of this amount the sum of $808.86 has accrued as of June 17th, 1949 and is payable forthwith. The balance of said award amounting to $858.01 is to be paid in weekly installments of $19.50 for a period of 44 weeks commencing on June 24, 1949 with one final payment of $0.01.

An award is also entered in favor of Dr. A. W. Modert, for medical services in the sum of $100.00 which is payable forthwith.

An award is also entered in favor of the Jefferson Memorial Hospital in Mt. Vernon, Illinois in the amount of $257.87 for hospitalization, which is payable forthwith.

An award is also entered in favor of Gladys Berg, for stenographic services in the amount of $15.60, which is payable forthwith. The Court finds that the amount charged is a fair and reasonable charge and customary, and said claim is allowed.

This award is subject to the approval of the Governor, as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."